UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MOHAMED ABDELAL

                          Plaintiff,

      -against-

COMMISSIONER, RAYMOND W. KELLY
CITY OF NEW YORK

                         Defendants.
_____

Index No.: 

**VERIFIED COMPLAINT**

**13 CV 4341**

**JUDGE KARAS**

## PRELIMINARY STATEMENT

1.    This is an action brought by Plaintiff MOHAMED ABDELAL to redress discrimination based on race, religion and national origin, unlawful harassment, unlawful retaliation, and unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e et seq., the Civil Rights Act of 1866, as amended ("Section 1981"), 42 U.S.C. §1981 et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 et seq., and the New York City Human Rights Law, (the "NYCHRL").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiffs' claims pursuant to Title VII, 42 U.S.C. §2000e-5 (f) U.S.C., §1981, 42 U.S.C. §1981, 1981a, 1988, and 28 U.S.C. §§ 1331, 1341, 1367 (a) and 2201.

11.     At all times relevant to this action, Plaintiff was an "employee" within the meaning of the New York State Human Rights Law and is a "person" within the meaning of the law.

## FACTS

12.     Plaintiff has been a member of the New York City Police Department since January 2006. Plaintiff was terminated by Defendant Kelly on January 29, 2013. Plaintiff was working full duty and worked patrol for the 50th precinct.

13.     Plaintiff is Egyptian born and a Naturalized Citizen of the United States. Plaintiff is also Muslim.

14.     Prior to being terminated, Plaintiff had never been suspended or placed on modified duty. The charges which led to Plaintiff's termination would not ordinarily lead to termination.

15.     Plaintiff was offered the penalty of 30 days vacation and 30 days suspension by the Advocates Office, which regularly dispenses penalties, in exchange for a plea to the charges. Plaintiff's attorney counter proposed a penalty of 60 days suspension and one year probation. The counter proposal was accepted by the Advocates Office. However, the negotiated penalty was rejected by Defendant Kelly. Plaintiff was given the ultimatum of resigning his position without duly retired police officer status or taking the matter to trial.

16.     Plaintiff elected to go to trial. The recommended penalty at the conclusion of trial by Hon. Martin G. Karopkin was that Plaintiff forfeit 45 vacation days and that dismissal be held in abeyance for a period of one year. The recommended penalty was a lesser penalty than the recommended penalty by the Advocates Office. Hon. Martin G. Karopkin is the Chief Judge of the NYPD Disciplinary Court and is Deputy Commissioner of trials.

17.     Defendant Kelly disapproved the penalty recommended by the trial judge. Plaintiff was offered the following post trial agreement by Defendant:   Plaintiff would be placed on One Year

Dismissal Probation and forced to retire while on suspended status, additionally Plaintiff would be forced to forfeit thirty vacation days, thirty suspension days and waive all time and leave balances. Plaintiff would be stripped of his retired police officer identification as well.

18.     Plaintiff was terminated because Defendant Kelly attempted but failed to link Plaintiff to terrorist activity. Plaintiff was targeted because of his race, religion and nationality. Said illegal discriminatory behavior was intentional and intolerable.

19.     Plaintiff was placed under surveillance and constantly followed by Defendant's agents, servants and assigns. Plaintiff was profiled for more than a year solely because of his Nationality and religion.

20.     Upon information and belief, Defendant caused Plaintiff to be audited by the IRS. It was alleged that Plaintiff owed $20,000 to the IRS. Ironically, after the conclusion of Defendant's investigation, the IRS declared that Plaintiff did not owe any back taxes.

21.     Defendant also investigated Plaintiff's family members and friends. Such investigation failed to uncover any illegal or terrorist activity by Plaintiff's family and friends.

## FIRST CAUSE OF ACTION

### Title VII Civil Rights Act of 1964, 42 U.S.C.A §2000e-5(f)

22.     Plaintiff Abdelal repeats and reiterates the allegations of ¶¶1- 21 of this Complaint with the same force and effect as if full set forth herein.

23.     Defendant, its supervisors, managers, agents, subordinate employees and assigns engaged in a course of discriminatory, retaliatory, intimidating and harassing treatment of Plaintiff and created a hostile work environment. Defendants' conduct as alleged herein, constituted unlawful

employment practices and unlawful discrimination on the basis of race, religion and national origin in violation of Title VII.

24. Defendants' conduct as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected right to be free from discrimination, harassment and retaliation.

25. As a result of Defendants' conduct, Plaintiff Abdelal has suffered and continues to suffer mental anguish, emotional pain, lost wages, loss of quality of life, humiliation and out of pocket expenses.

26. As a result of Defendants' conduct, Plaintiff is entitled to recover monetary damages, including but not limited to compensatory damages, punitive damages, interest, attorney fees and all other fees, damages and costs allowed under the law.

## SECOND CAUSE OF ACTION

### Civil Rights Act of 1866, 42 U.S.C.A §1981

27. Plaintiff Abdelal repeats and reiterates, the allegations of ¶¶1- 26 of this Complaint with the same force and effect as if full set forth herein.

28. Defendants, its supervisors, managers, agents, subordinate employees and assigns continuously engaged in the unlawful discriminatory conduct alleged herein. Said actions constitute racial and religious discrimination in violation of Civil Rights Act 1866, 42 U.S.C.A §1981.

29. Said practices and employment policies unlawfully discriminated against Plaintiff with respect to the terms, conditions, benefits and privileges of the Plaintiff's employment and was due to Plaintiff's race and/or national origin.

30. Defendants' conduct as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected right to be free from discrimination, harassment and retaliation.

31. As a result of Defendants' conduct, Plaintiff Abdelal has suffered and continues to suffer mental anguish, emotional pain, lost wages, loss of quality of life, humiliation and out of pocket expenses.

32. As a result of Defendants' conduct, Plaintiffs are entitled to recover monetary damages, including but not limited to compensatory damages, punitive damages, interest, attorney fees and all other fees, damages and costs allowed under the law.

## THIRD CAUSE OF ACTION

### New York State Human Rights Law

33. Plaintiff Abdelal repeats and reiterates the allegations of ¶¶1- 32 of this Complaint with the same force and effect as if full set forth herein.

34. Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of race, religion and national origin in violation of New York State Human Rights Law N.Y. Exec. Law §§296, 296(1)(a).

35. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of New York State Human Rights Law N.Y. Exec. Law §§296, 296(1)(e), 296 (3-a) (c), 296(7).

36. As a result of Defendants' conduct, Plaintiff Abdelal has suffered and continues to suffer mental anguish, emotional pain, lost wages, loss of quality of life, humiliation and out of pocket expenses.

37. As a result of Defendants' conduct, Plaintiff is entitled to recover monetary damages, including but not limited to compensatory damages, punitive damages, interest, attorney fees and all other fees, damages and costs allowed under the law.

## FOURTH CAUSE OF ACTION

### Equal Protection Clause Fourteenth Amendment

38. Plaintiff Abdelal repeats and reiterates the allegations of ¶¶1- 37 of this Complaint with the same force and effect as if full set forth herein.

39. Defendants engaged in a policy of unjustly placing Plaintiff under surveillance, harassing Plaintiff, firing Plaintiff and discriminating against Plaintiff solely because of Plaintiff's religious beliefs, specifically: Islam.

40. Defendants policy and practice is intentionally discriminatory and does not serve a legitimate government interest and is not narrowly tailored.

41. As a result of Defendants' conduct, Plaintiff Abdelal has suffered and continues to suffer mental anguish, emotional pain, lost wages, loss of quality of life, humiliation and out of pocket expenses.

42. As a result of Defendants' conduct, Plaintiff is entitled to recover monetary damages, including but not limited to compensatory damages, punitive damages, interest, attorney fees and all other fees, damages and costs allowed under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests judgment as follows: A judgment declaring the acts and practices of Defendants to be in violation of Title VII, 42 U.S.C. §2000e-5(g); A judgment declaring the acts and practices of Defendants to be in violation of Section 1981, 42 U.S.C. §1981 et seq.; A judgment declaring the acts and practices of Defendants to be in violation of New York State Human Rights Law, N.Y. Exec. Law §297(9); An award in favor of Plaintiffs and against Defendants lost wages, overtime pay, benefits, earnings, privileges and interest lost as a result of said unlawful discrimination, unlawful harassment and unlawful retaliation in accordance with Title VII, 42 U.S.C. §2000e-5(g); Section 1981, 42 U.S.C. §1981 et seq.; and New York State Human Rights Law, N.Y. Exec. Law

§297(9); An award in favor of Plaintiffs and against Defendants for consequential damages, compensatory damages, punitive damages, attorney fees and for such other and further relief that may be deemed necessary and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues herein.

Dated: June 20, 2013

*/s/ Antoinette L. Williams*
Antoinette L. Williams
Antoinette L. Williams, P.C.
Attorney for Plaintiffs
One Wolfs Lane Suite 9
Pelham, New York 10803
(914) 632-2201

## VERIFICATION

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF WESTCHESTER    )

MOHAMED ABDELAL, being duly sworn deposes and says: I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof, the same is true as to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: 6/20/2013

_Mohamed Abdelal_
MOHAMED ABDELAL

Sworn to before me this
20th day of ~~April~~ June 2013.

_[signature]_

ANTOINETTE L. WILLIAMS
Notary Public, State Of New York
No. 02WI5070710
Qualified In Westchester County
Commission Expires December 23, 20 14

Case 1:13-cv-04341-ALC-SN    Document 1    Filed 06/21/13    Page 9 of 9