Carter, a.

11-3-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

MOHAMED ABDELAL,

                       Plaintiff,

      -against-

COMMISSIONER, RAYMOND W. KELLY and CITY
OF NEW YORK,

                       Defendants.

----------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

13 CV 4341 (ALC)(SN)

      **WHEREAS**, plaintiff has sought certain documents from the defendants in discovery in this action, documents which defendants deem confidential; and

      **WHEREAS**, defendants object to the production of those documents unless appropriate protection for the confidentiality of the information contained therein is assured;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as follows:

      1.    As used herein, "Confidential Materials" shall mean all documents provided to plaintiff's counsel by defendant's counsel concerning current or former employees of the New York City Police Department ("NYPD"), including, but not limited to, personnel, medical, disciplinary, time and attendance, labor relations, Equal Employment Opportunity ("EEO"), Investigative, Internal Affairs Bureau ("IAB") files, or other files of NYPD, and the information contained therein, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

2. Neither plaintiff nor plaintiff's attorney shall use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3. Neither plaintiff nor plaintiff's attorney shall disclose the Confidential Materials to any person except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to an expert who has been retained or specially employed by plaintiff's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, legal associates and non-attorney personnel employed by plaintiff's attorney to assist in the conduct of this action, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendant's attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover

page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York, in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorneys. If defendants' attorney does not consent to the destruction of the Confidential Materials, plaintiff's attorney shall return Confidential Materials to the defendants' attorney at defendants' expense. Notwithstanding anything else in this paragraph, plaintiff's attorney shall be permitted to retain, for archival purposes, copies of any document containing plaintiff's attorney work product that contains Confidential information.

7. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
October 29, 2015

**CHRISTOPHER Q. DAVIS**
The Law Office of Christopher Q. Davis
18 W. 18th Street, 11th Floor
New York, NY 10011
(646) 349-2504

**ZACHARY W. CARTER**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, Room 2-172
New York, New York 10007
(212) 256-2460

By: _____
Christopher Q. Davis

By: _____
Jessica Giambrone
Assistant Corporation Counsel

SO ORDERED:

_____  11-3-15
United States District Judge                Date

4