

THE
NEW YORKER
1 WORLD TRADE CENTER, NEW YORK, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/4/2017

The Honorable Judge Andrew L. Carter
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

May 3rd, 2017

Re: Abdelal v Kelly (Case No. 1:13-cv-04341-ALC-SN)

Dear Judge Carter,

I am a reporter for *The New Yorker*. I am writing to request that the Court provide the public and press with access to the following:

1) the December 17, 2015 deposition of former police Commissioner Raymond Kelly
2) the full Internal Affairs Bureau ("IAB") investigative file on Plaintiff Mohamed Abdelal, attached as Exhibit 1 in Document 122 on the Docket.
3) the NYPD's Performance Monitoring file on Plaintiff Mohamed Abdelal, attached as Exhibit 2 in Document 122 in the Docket.
4) the Deposition Transcript of Plaintiff Mohamed Abdelal, attached as Exhibit 8 in Document 122 in the Docket.

I am working on an article about Muslim NYPD officers who feel they have been discriminated against on the basis of their religious faith and ancestry. The above documents have obvious public relevance. A reckoning with the police department's history can be a crucial part of improving the way that the department treats minorities, externally and internally, and creating awareness about the sorts of obstacles that minority—and particularly Muslim—officers face.

    Under the Constitution and laws of the United States, the public and the press have both a constitutional and common law right of access to judicial proceedings and records. Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980); United States v. Edwards, 303 F.3d 606 (5th Cir. 2002); Publicker Industries v. Cohen, 733 F.2d 1059 (3d Cir. 1984).

    This right, which predates the Constitution, is based on the public's right to know, which encompasses public documents generally, and the public's right to open courts. United States v. Criden, 648 F.2d 814, 819 (3d Cir. 1981) (Criden I); see also United States v. Smith, 787 F.2d 111 (3d Cir. 1986); United States v. Martin, 746 F.2d 964 (3d Cir. 1984). Indeed, it is a right "fundamental to a democratic state." United States v. Mitchell, 551 F.2d 1252, 1258 (D.C. Cir. 1976).

CONDÉ NAST



THE NEW YORKER
1 WORLD TRADE CENTER, NEW YORK, NY 10007

The presumption of openness "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise v. Superior Court, 464 U.S. 501, 510 (1984) ("Press-Enterprise I"); Publicker Indus. v. Cohen, 733 F.2d 1059, 1073-74 (3d Cir. 1984). Thus, before closing proceeding or records, the court must articulate clearly for the record the overriding interest it seeks to protect and make findings for the record that are specific enough that the appellate court can review them. Moreover, the court must consider alternatives to closure and must state on the record its specific reasons for rejecting these possible alternatives. If portions of a requested file are exempt from release, please release all non-exempt portions that are reasonably segregable.

Access serves numerous noteworthy purposes. It:

- promotes informed discussion of governmental and city affairs
- serves an important "educative interest"
- has a "significant community therapeutic value" because it provides an "outlet for community concern, hostility, and emotion"
- serves as a check on corrupt practices and discourages decisions based on secret bias or partiality
- enhances the performances of all involved.

Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 569-72, 584, 596-97 (1980).

I greatly appreciate Your Honor's consideration of my request for access.

Respectfully submitted,

Rachel Aviv, staff writer, *The New Yorker*

CC: Fabio Bertoni, General Counsel, *The New Yorker*
Kristen Monet McIntosh, Stephen Paul Pischl
Christopher Quincy Davis

CONDÉ NAST