USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MOHAMED ABDELAL,

                              Plaintiff,                  13-CV-04341 (ALC)(SN)

                -against-                                **OPINION & ORDER**

COMMISSIONER RAYMOND W. KELLY, et al.,

                              Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        On April 25, 2017, the Court received a request from the New Yorker magazine to provide the public and press with access to the December 17, 2015 deposition of former New York Police Department Commissioner Ray Kelly. ECF No. 136. On May 3, 2017, the New Yorker magazine sent a similar letter to the Honorable Andrew L. Carter, Jr., ECF No. 135, requesting access to the same deposition, as well as several other documents filed under seal in connection with Plaintiff's opposition to Defendants' motion for summary judgment. ECF No. 122.[1] This request would require that the Court (1) modify an October 13, 2015 protective order specifically deeming the Kelly deposition to be confidential and prohibiting its disclosure "to [any] person or entity not directly involved in this litigation," ECF No. 73; and (2) modify an August 25, 2016 Order, ECF No. 118, granting Plaintiff permission to file the documents in question under seal pursuant to a November 3, 2015 Stipulation and Protective Order, ECF No. 79.

---

[1] One of the documents requested in the May 3, 2017 letter, pertaining to excerpts from the transcripts of plaintiff Mohamed Abdelal's deposition, was not filed under seal and is already publicly accessible. ECF No. 122-12.

Because the New Yorker's requests are procedurally improper and the Court is without jurisdiction to hear them following Plaintiff's filing of a Notice of Appeal on April 21, 2017, the Court DENIES the New Yorker's requests without briefing from the parties.

**DISCUSSION**

A third party, such as the New Yorker, is entitled to request that the Court modify a protective order. It may not, however, do so merely by filing an informal request with the Court; rather, it must file a formal notice of motion to intervene in the case under Federal Rule of Civil Procedure 24. See Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 784 (1st Cir. 1985) (court "[un]willing to create a special category of non-Rule 24 intervention for third parties who wish to challenge protective orders through informal motion" and held that Rule 24 "intervention is '*the* procedurally correct course' for third-party challenges to protective orders."); Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 294 (2d Cir. 1979) ("The Government may not, however, simply by picking up the telephone or writing a letter to the court (as was the case here), insinuate itself into a private civil lawsuit between others. The proper procedure [was] to seek permissive intervention in the private action pursuant to Rule 24(b) . . . for the purpose of obtaining vacation or modification of the protective order.").

Most courts considering such requests have found that, as suggested by the Court of Appeals in Martindell, the proper procedure to follow is that of permissive intervention under Rule 24(b). See Dorsett v. Cty. of Nassau, 289 F.R.D. 54, 71 (E.D.N.Y. 2012) ("[P]ermissive intervention is the more proper procedural route for intervention by a non-party in a private civil action for the purpose of vacating or modifying a confidentiality order."); Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) ("It is well-settled that intervention pursuant to Rule 24(b) is the proper procedure for a third party to seek to modify a protective order in a

private suit."); Application of Akron Beacon Journal, No. 94 CIV. 1402 (CSH), 1995 WL 234710, at *5 (S.D.N.Y. Apr. 20, 1995) (construing newspaper's application to modify a protective order "as properly made under [Rule] 24(b)(2)"); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992) ("Rule 24(b) permits [nonparties] limited intervention for the purpose of challenging a protective order."); but see In re NASDAQ Mkt.-Makers Antitrust Litig., 164 F.R.D. 346, 351 (S.D.N.Y. 1996) (considering request under intervention as of right standard of Rule 24(a)).

But even if the Court were to construe the New Yorker's informal requests as a Rule 24(b) motion to intervene or invite the New Yorker to make such a motion, it would be without jurisdiction to hear such requests at this time because plaintiff filed a Notice of Appeal in this action on April 21, 2017. To be sure, "[d]ismissal of the underlying action is not dispositive for motions to intervene for the limited purpose of challenging a protective order," because the court "continues to have the power to modify [the] protective order." Akron Beacon Journal, 1995 WL 234710, at *5. At the same time, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).

The Court of Appeals for the Second Circuit has held that district courts do not retain jurisdiction to rule on motions to intervene following the filing of a notice of appeal. See Drywall Tapers & Pointers of Greater New York v. Nastasi & Assocs. Inc., 488 F.3d 88, 94 (2d Cir. 2007) ("The District Court did not err in denying [a union's] intervention motion once the notice of appeal . . . divested the Court of jurisdiction to affect that Order."). Other courts of appeals have joined ours in so holding. See Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir.

2014) (holding that "an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion"); Taylor v. KeyCorp, 680 F.3d 609, 616 (6th Cir. 2012) ("[T]he district court was correct to deny the motion to intervene, not because final judgment had been entered, but because once a notice of appeal was filed, the district court was divested of jurisdiction."); Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, 299 (5th Cir. 1984) ("If an appeal is taken from a judgment which determines the entire action, the district court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal. . . . That is the general rule in this Circuit, and it has been applied to motions for intervention."); see also Amarin Pharm. Ireland Ltd. v. Food & Drug Admin., 139 F. Supp. 3d 437, 440–41 (D.D.C. 2015) (same).

The Court's research has not identified a case in which the factual scenario was exactly identical to this case; that is, where the post-notice of appeal motion of intervention was made by a media organization for the limited purpose of modifying a protective order. Nevertheless, the New Yorker's requests do not fit into any exceptions recognized by the Court of Appeals, which primarily come into play when the notice of appeal itself is untimely, frivolous, or procedurally improper. See United States v. Rodgers, 101 F.3d 247, 252 (2d Cir. 1996) ("plainly unauthorized" notice of appeal did not divest the jurisdiction of the district court); Leonhard v. United States, 633 F.2d 599, 610–11 (2d Cir. 1980) (notice of appeal from a district court order that was non-final did not divest the jurisdiction of the district court). As such, the Court is constrained to deny the New Yorker's requests for lack of jurisdiction, until such time that the Court of Appeals has concluded its adjudication of the matter.

## CONCLUSION

The New Yorker's requests to modify the October 13, 2015 protective order and the August 25, 2016 order granting Plaintiff leave to seal exhibits to his opposition to Defendants' motion for summary judgment are DENIED for lack of jurisdiction. If any party aggrieved by this decision, including the New Yorker, "can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," Shrader v. CSX Transp., Inc., 70 F.3d 255, 256–57 (2d Cir. 1995), it may file a motion for reconsideration within 14 days of this decision pursuant to Local Civil Rule 6.3.

**SO ORDERED.**

DATED:    May 5, 2017
                New York, New York

_____
SARAH NETBURN
United States Magistrate Judge